IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | **UNDER SEAL** |
| JAMES GORDON MEEK, | Case No.   1:23-MJ-32 |
| Defendant. | |

GOVERNMENT'S MOTION TO SEAL COMPLAINT
PURSUANT TO LOCAL RULE 49(B)

The United States, by and through undersigned counsel, pursuant to Local Rule 49(B) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, asks for an Order to Seal the complaint, affidavit in support of the complaint, and arrest warrant, until the defendant is arrested.

**I.      REASONS FOR SEALING** (Local Rule 49(B)(1))

1.      The Federal Bureau of Investigation is investigating JAMES GORDON MEEK for child pornography trafficking and child exploitation offenses, including transportation of child pornography in violation of 18 U.S.C. § 2252(a)(1). For example, on or about February 27, 2020, MEEK transported child pornography from North Carolina into the Eastern Districtt of Virginia. Premature disclosure of the charges against the defendant would jeopardize an ongoing criminal investigation, including potentially threatening our ability to locate and arrest the defendant, jeopardizing the safety of witnesses, and leading to the destruction of evidence. Disclosure of the complaint, affidavit in support of the complaint, and arrest warrant would provide the defendant and others with a roadmap of the ongoing criminal investigation, including the identity of agents and potential witnesses involved.

**II.     REFERENCES TO GOVERNING CASE LAW** (Local Rule 49(B)(2))

2. The Court has the inherent power to seal complaints, affidavit in support of complaints, and arrest warrants. *See United States v. Wuagneux*, 683 F.2d 1343, 1351 (11th Cir. 1982); *State of Arizona v. Maypenny*, 672 F.2d 761, 765 (9th Cir. 1982); *Times Mirror Company v. United States*, 873 F.2d 1210 (9th Cir. 1989); *see also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975); *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Sealing complaint, affidavit in support of the complaint, and arrest warrant is appropriate where there is a substantial probability that the release of the sealed documents would compromise the government's on-going investigation severely. *See e.g.*, *In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 574 (8th Cir. 1988); *Matter of Eye Care Physicians of America*, 100 F.3d 514, 518 (7th Cir. 1996); *Matter of Flower Aviation of Kansas, Inc.*, 789 F.Supp. 366 (D. Kan. 1992).

**III.    PERIOD OF TIME GOVERNMENT SEEKS TO HAVE MATTER REMAIN UNDER SEAL** (Local Rule 49(B)(3))

4. The complaint, affidavit in support of the complaint, and arrest warrant would need to remain sealed until the defendant is arrested.

5. Upon occurrence of the event specified in paragraph 4, pursuant to Local Rule 49(B)(3), the sealed materials will be automatically unsealed and handled as such.

6. The United States has considered alternatives less drastic than sealing and has found none that would suffice to protect this investigation. The United States will move to unseal the documents before they are set to become automatically unsealed if it determines that circumstances warrant such action.

WHEREFORE, the United States respectfully requests that the complaint, affidavit in support of the complaint, and arrest warrant and this Motion to Seal and proposed Order be sealed until the defendant is arrested.

Respectfully submitted,

Jessica D. Aber
United States Attorney

By: \_\_\_\_/s/_____
Zoe Bedell
Assistant United States Attorney