## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. 23MJ32 |
| | ) | |
| JAMES MEEK, | ) | |
| | ) | |
| Defendant | ) | |

### EMERGENCY MOTION TO VACATE STAY OF RELEASE ORDER

James Meek, through counsel, hereby moves to vacate the Magistrate Judge's stay of the order of pretrial release on conditions entered on February 1, 2023. In support of this motion, Mr. Meek states as follows:

### BACKGROUND

Mr. Meek was arrested on January 31, 2023. The Court held his initial appearance and detention hearing on February 1, 2023 before the Honorable Lindsey R. Vaala. Judge Vaala heard proffers the parties, asked questions, and carefully reviewed the evidence submitted by both the government and Mr. Meek. Magistrate Judge Vaala ultimately determined that there were conditions of release that could be imposed to assure the safety of the community as well Mr. Meek's appearance at trial. The Magistrate Judge ordered Mr. Meek's pretrial release. ECF 16.

Unsatisfied with the Magistrate's ruling, the government noted its appeal to the District Court and sought a stay of Mr. Meek's release pending trial. The government offered no legal basis for its request, other than its representation that it would seek to appeal the order. Over Mr. Meek's objection, the Magistrate orally granted a stay. A written order staying Mr. Meek's release was issued the following day. ECF 17.

After the issuance of the stay, counsel were notified that the government's appeal was assigned to the Honorable Rossie D. Alston. The parties were instructed to agree on a briefing schedule and a hearing date, with the earliest possible hearing to take place on February 8, 2023—a week after the entry of the Magistrate's release order. In the meantime, Mr. Meek remains in pretrial custody.

## DISCUSSION

### I. The Bail Reform Act does not authorize the stay of a release order.

The government did not set forth the legal basis for its motion for a stay, and the Magistrate's order provides none. See ECF 17. 18 U.S.C. § 3145, the statute that governs review of pretrial detention proceedings, does not provide for a stay. In fact, the Bail Reform Act ("BRA") as a whole provides no explicit authority for the stay of release orders. The BRA carefully balances the need for the government to develop evidence to support its case for detention against the presumptively innocent defendant's right to liberty: First, the BRA requires the government to make a preliminary showing before a person can be temporarily detained pending a detention hearing.[1] 18 U.S.C. § 3142(f). Then, even if temporary detention is authorized, the government cannot receive a continuance for more than three days. *See* § 3142(f) (noting that the detention hearing "shall be held immediately upon the person's first appearance" unless a continuance is requested; absent good cause, a government continuance "may not exceed three days"). At that point, a detention hearing must be held. And the BRA requires that—if conditions of release can be crafted—the magistrate judge presiding over the detention hearing "shall order the pretrial release of the person." § 3142(c)(1).

---

[1] Here, the nature of the charges authorized Mr. Meek's temporary detention.

2

Moreover, although not binding on the Court, changes to the DOJ policy regarding pretrial detention promulgated just last month reaffirm the presumption that defendants should not be unnecessarily detained, and that they are entitled to a prompt disposition of their detention status. Justice Manual § 6-6.110 ("Prosecutors should endeavor, where practicable in light of all facts and circumstances, and consistent with district and judicial procedure and practice, to proceed to a detention hearing reasonably soon after a defendant's arrest, and where feasible and appropriate, be ready to proceed more quickly than the three days permitted in certain cases under the Bail Reform Act.") (added January 2023).[2]

The Magistrate Judge's release order is just that: an order. It is not a recommendation to the district judge. It is a legal order with the full force and effect of law issued pursuant to a Congressional directive that—absent a specific factual finding set out in the BRA—the judicial officer "*shall* order the pretrial release of the person." § 3142(c)(1) (emphasis added). To be sure, the government can get a *de novo* hearing on the issue before district judge, but nothing in the BRA provides for a stay of a release order while the government prepares to take its second bite at the apple.

In sum, the Magistrate Judge's stay of the release order is not based on any statutory authority.

II.     **The Court does not possess the inherent authority to stay a release order.**

A court's use of "an inherent power must be a reasonable response to a specific problem and the power cannot contradict any express rule or statute." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016). Here, as noted above, the BRA carefully delineates the circumstances under which a

---

[2]     https://www.justice.gov/jm/jm-9-6000-release-and-detention-pending-judicial-proceedings

presumptively innocent person can be detained by the government. The Supreme Court upheld this pretrial detention scheme in *United States v. Salerno*, in the face of a due process challenge. 481 U.S. 739, 750 (1987). Perhaps, in seeking a stay, the government suggests that this Court can use its inherent power to detain people without the BRA's requisite factual findings for periods beyond those authorized under the statute. But that would not be a valid use of a court's inherent power because it would conflict with the BRA.

Moreover, the notion of some unstated background power to detain people is at odds with the BRA's carefully delineated balance, which safeguards the significant due process rights and liberty interests of individuals who are presumed to be innocent. If a court can order stays of this nature, detention hearings under the Bail Reform Act are little more than a mere formality. Due process requires a *meaningful* opportunity to be heard. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) ("The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'"). If the government can obtain stays of release orders without citing *any* legal authority and without making any factual showing under some discernable standard, the detention hearing before the magistrate judge is an empty exercise. Interpreting the BRA to allow release orders to be stayed upon a government motion with no specific factual showing would create a pretrial detention regime that violates due process. The Court should avoid interpreting the BRA and its inherent authority in this way, for it would conflict with the BRA and Supreme Court precedent.  *See, e,g, Salerno*, 481 U.S. 739 at 750.

III. **Assuming the Court possesses inherent authority to stay a release order, a stay is still not justified as the government has neither articulated the standards that govern a stay nor made any factual showing to support its request.**

Even if this Court does possess inherent authority to stay release orders, the Court should decline to do so for three reasons. First, if the release order were stayed, no lawful order exists to mandate Mr. Meek's continued detention. No order to detain Mr. Meek exists.  *See generally*,

4

docket 1:23MJ32-LRV.  A stay of the release order is not sufficient to result in Mr. Meek's continued detention. Initially, there was no order for Mr. Meek's detention at all. The only order requiring Mr. Meek's detention is the stay order—which is contrary to the BRA because it detains Mr. Meek despite a finding that he is not a danger to the community, nor a risk of flight.  "The judicial officer *shall* order pre-trial release of the person on personal recognizance, or upon execution of an unsecured appearance bond . . . *unless* the judicial officer determines that such release will not reasonably assure the appearance of the person as required[.]" 18 U.S.C. § 3142(b). *See also United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001) (detention is appropriate *only* where "no condition or combination of conditions will reasonably assure the appearance of the person as required[.]").  Neither the BRA nor any other statute provides the Court with authority to issue such an order where there has already been a judicial finding that Mr. Meek should be released.

Second, even assuming the Court can lawfully stay a release order under some circumstances, the government should not be entitled to a stay as a matter of right. Stays in other contexts require strong factual showings and the balancing of the equities. *See Columbus Bd. of Ed. v. Penick*, 439 U.S. 1348, 1352 (1978) (noting that part of the "inquiry in gauging the appropriateness of a stay is the balance of equities"). In *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987), the Supreme Court set out factors to govern whether an order releasing a state *habeas* petitioner can be stayed pending appeal. The Court looked both to the civil and appellate rules of procedure and to the traditional standards governing stays of civil judgments. The Court enumerated the following factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
> (2) whether the applicant will be irreparably injured absent a stay;

5

>	(3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and
>	(4) where the public interest lies.

*Id.* The Supreme Court noted that these factors must be weighed against the detained person's liberty interest, which is "always substantial." *Id.* at 777. The factors that govern a stay here should be even more exacting, as a *habeas* petitioner has at least enjoyed some process that led to a state determination that his detention was legal. The government should have to make a strong showing indeed for that release order to be stayed.

Moreover, when courts are deciding whether to issue a stay in the appellate context, "[t]he most important factor is the appellant's likelihood of success on the merits." *Brady v. Nat'l Football League*, 640 F.3d 785, 789 (8th Cir. 2011). Here, the Magistrate Judge made a final merits decision that detention is not authorized under the BRA. It would be odd for the same judicial officer to conclude that there is a substantial likelihood that this merits decision was wrong. This only underscores the problem with the standardless stay issued in this case. The government has made no showing that it is entitled to this extraordinary relief. The government is not entitled to a stay simply because it disagrees with the Magistrate Judge's final order or release.

The Supreme Court has stated that a "stay is an intrusion into the ordinary processes of administration and judicial review and accordingly is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Nken v. Holder*, 556 U.S. 418, 427 (2009) (internal citations and quotation marks omitted). "The parties and the public, while entitled to both careful review and a meaningful decision, are also generally entitled to the prompt execution of orders that the legislature has made final." *Id.*

In seeking and obtaining the stay of Mr. Meek's release, the government's only basis was its apparent dissatisfaction with the outcome. The government stated no basis whatsoever

authorizing its request. The stay issued by the Magistrate Judge likewise fails to provide any legal basis for its order. This is because none exists.

## CONCLUSION

For all the the foregoing reasons, this Court should vacate the stay, and order Mr. Meek's immediate release from custody subject to the conditions imposed by the Magistrate.

Respectfully Submitted,

By: /s/ *Eugene V. Gorokhov*
Eugene Gorokhov, Bar No. 73582
*Attorney for Defendant*
BURNHAM & GOROKHOV, PLLC
1424 K Street NW, Suite 500
Washington, DC 20005
(202) 386-6920 (phone)
(202) 765-2173 (fax)

## CERTIFICATE OF SERVICE

**I hereby certify that I filed the foregoing document VIA ECF which provides a copy to the AUSA of record.**

By: /s/ *Eugene V. Gorokhov*
Eugene Gorokhov, Bar. No. 73582
*Attorney for Defendant*
BURNHAM & GOROKHOV, PLLC
1424 K Street NW, Suite 500
Washington, DC 20005
(202) 386-6920 (phone)
(202) 765-2173 (fax)
eugene@burnhamgorokhov.com
