# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAMES GORDON MEEK<br><br>*Defendant*. | Case No. 1:23-mj-32 |

## UNITED STATES' OPPOSITION TO MOTION TO VACATE STAY

After an extensive hearing in which both parties presented evidence and argument, and after recessing to consider its decision, this Court ordered the defendant released on conditions. The Court repeatedly referred to this decision as a "close call," expressing concerns about the danger the defendant posed to the community but ultimately finding that the conditions sufficiently mitigated the risk. The Court's decision to stay this order to allow the government to seek meaningful review from the district court—as it is statutorily entitled to do—is a valid and reasonable exercise of the Court's inherent authority. The motion to vacate the stay should be denied.

## BACKGROUND

On January 31, 2023, the Honorable Lindsey R. Vaala authorized a complaint and arrest warrant charging James Gordon Meek with one count of transportation of child pornography in violation of 18 U.S.C. § 2252(a)(1). The affidavit in support of the complaint detailed Meek's involvement in the trafficking of child pornography, including his distribution, receipt, and transportation of images and videos depicting the sexual abuse of infants and prepubescent children, as well as images depicting bondage and sadistic and masochistic treatment of children.

*See* ECF No. 2. Moreover, the affidavit detailed the defendant's online engagements and attempted engagements with minors across numerous internet platforms. In some instances, the defendant concealed his identity, pretending to be a young girl in order to speak with other children online. In another instance, the affidavit described how law enforcement located nude images of an identified minor, as well as conversations between the defendant and that minor in which the defendant manipulated the minor based on her affection for a public figure. The affidavit also explained that the minor stated in an interview that the defendant had pressured her to create and send him child sexual abuse material.

The defendant was arrested on January 31, 2023. He made his initial appearance before this Court on February 1, 2023. The government did not exercise its right to seek up to three days of delay prior to a detention hearing, during which the defendant would have been detained. *See* 18 U.S.C. § 3142(f)(2)(B). Instead, the government consented to the defendant's request to conduct the preliminary hearing and detention hearing on February 1. During the hearing, the government admitted the complaint affidavit into evidence, and the testifying agent adopted its contents as her testimony. The government and the defendant both made substantial arguments, and this Court recessed for approximately 30 minutes to consider its decision. The Court ordered the defendant released pending trial under specified conditions. *See* ECF No. 16. The Court further ordered that the defendant was not to be released until the conditions were satisfied. The government orally noticed its appeal and moved for a stay of the release order, which this Court granted. The defendant asked the Court if it would reconsider that ruling, but offered no argument or objection that the Court's decision was without legal authority or factual basis.

The government's appeal was assigned to the Honorable Rossie D. Alston. The hearing was scheduled for February 6, 2023.[1] This date is three business days after the defendant's initial appearance. *See* 18 U.S.C. § 3142(f)(2)(B).

As of approximately 5pm on February 2, 2023, Pre-Trial Services informed the government that the defendant had not yet satisfied the conditions of release because he had not yet made acceptable arrangements to ensure he had no access to his firearms.

**ARGUMENT**

**A.     The Court's Stay Was a Reasonable Exercise of Its Inherent and Statutory Powers**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes of its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). Here, the Court validly exercised its inherent authority because the stay is a "reasonable response to a specific problem" and does not "contradict any express rule or statute." *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016).

In fact, a short stay is authorized by—and necessary to—the Bail Reform Act's statutory scheme. Section 3142(f)(2)(B) allows for detention pending completion of the detention hearing, and completion of the hearing "reasonably includes a limited period for prompt review of the magistrate's release order under subsection 3145(a)." *United States v. Petersen*, 557 F.Supp.2d 1124, 1129 (E.D.Cal. 2008) (finding magistrate judge was authorized to stay her release order). In fact, as the Fifth Circuit concluded in upholding a district court's authority to stay a release order, the absence of authority to stay release prior to district court review would "render the district

---

[1] Judge Alston's chambers had originally indicated the first hearing date available was February 8, but then scheduled the hearing for an earlier date.

3

court's review power illusory." *United States v. Brigham*, 569 F.3d 220, 230 (5th Cir. 2009). Without this authority, if the government were to prevail before the district court, but no stay were in place, "the person in question may have harmed the community or disappeared by the time the district court's ruling is rendered and detention is ordered." *Id.*

This threat is not merely theoretical: the government offered extensive evidence demonstrating that the defendant posed a danger to himself and to others, and this Court repeatedly indicated that it believed the decision was a "close call." The threat to the community is real and immediate, and a stay is a reasonable measure that mitigates the risk of harm while the government seeks the review to which it is entitled.

Other provisions of the Bail Reform Act confirm that the Court possesses significant power and discretion to ensure the safety of the community. For example, the Act grants the court broad discretion to require that the defendant "satisfy any other condition that is reasonably necessary to assure the appearance of the person as required and to assure the safety of any other person and the community" before release. § 3142(c)(1)(B)(xiv). Additionally, the Act expressly notes that a judicial officer "may at any time amend the order or impose additional or different conditions of release." § 3142(c)(3). The statutory scheme would be incoherent if the Court could delay release by imposing a condition requiring district court review, but could not temporarily stay her own order to facilitate that review.

Finally, even when a defendant is ordered released, nothing in the Act prescribes when a release order must take effect. In the instant case, in fact, the Court ordered the defendant's release to be delayed until he had adequately secured his firearms—a condition the defendant still has not met. Staying the release order was a reasonable, limited exercise of the Court's authority and discretion to ensure the community's safety and secure a meaningful opportunity to complete the

4

statutory review process. Moreover, the stay does not "contradict any express rule or statute," *Dietz*, 579 U.S. at 45, and instead facilitates § 3145(c).

Notably, the defendant has cited no case in which a court concluded courts had no power to stay a release order. Nor has the government found such a case. In contrast, numerous courts have found that courts have the authority to stay release orders and have done precisely that. *See Brigham*, 569 F.3d at 230; *United States v. Zaghmot,* No. 00–1348, 2000 WL 1678396, *1 (10th Cir. Nov. 8, 2000) (unpublished opinion) (stay was granted by district court pending review of magistrate judge's release ruling); *United States v. Yu,* No. 05–40095, 2008 WL 2435803 (D. Kan. June 12, 2008) (stay of release pending section 3145(a)(1) appeal granted by both magistrate judge and district judge); *United States v. Petersen,* 557 F.Supp.2d 1124, 1129-30 (E.D.Cal.2008) (stay granted by magistrate judge pending district judge review); *United States v. Brown,* No. 2–08–106, 2008 WL 2098070, *1 (S.D.Ohio May 16, 2008) (stay of release pending § 3145(a)(1) appeal granted by both magistrate judge and district judge); *United States v. Guzman–Baez,* No. 07–0797, 2008 WL 1809336, *1 (N.D.Cal. Apr. 18, 2008) (stay granted by magistrate judge); *United States v. Colin,* 07–512, 2007 WL 4377723, *1 (N.D.N.Y. Dec. 12, 2007) (stay granted by district court after stay request was denied by magistrate court).

## B. There Is No Basis for the Defendant's Newly Proposed Stay Standards

Likewise, the defendant's claims that the stay issued here had "no factual basis," Mot. at 5, and was "standardless," Mot. at 6, do not withstand scrutiny.[2] As an initial matter, the

---

[2] Notably, the defendant did not raise this concern at the hearing, when the government and the court would have had the opportunity to address it. *See, e.g.*, *United States v. Hargrove*, 625 F.3d 170, 184 (4th Cir. 2010) (reviewing claim only for plain error where the defendant "failed to object to [the asserted error] at the time, thus denying the district court the opportunity to consider [his] argument and correct the purported error"); *United States v. Elbaz*, 52 F.4th 593, 611 (4th Cir.

defendant's argument inexplicably ignores the extensive hearing prior to the Court's decision, including the introduction into evidence of an affidavit detailing at length the harm that the defendant poses to the community. Moreover, the Court's exercise of its inherent powers fully aligns with the standards for the exercise of a court's inherent powers articulated by the Supreme Court in *Dietz* (and cited by the defendant himself, Mot. at 3). Instead, the defendant proposes a test derived from the distinct and peculiar context of habeas law, offers no justification as to why a standard governing review of postconviction orders applies to pretrial detention determinations, and cites no Fourth Circuit precedent doing so.

Nonetheless, even if this Court were to apply the four-factor test described in *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987), it is easily satisfied in this context. First, the government "has made a strong showing that [it] is likely to succeed on the merits." *Id.* The government offered extensive evidence detailing the defendant's danger to the community and to himself. *See, e.g.*, *United States v. Salazar-Andujo*, 599 F. Supp. 3d 491, 497 (W.D. Tex. 2022) ("The facts of the alleged offense show that the Government is likely to succeed in showing that Defendant creates a danger to the community."). Moreover, the statute presumes no combination of conditions are satisfactory to ensure the safety of the community. § 3142(f). As to the third factor, the short stay will not "substantially injure" the defendant. *Hilton*, 481 U.S. at 776. Because the defendant has not yet complied with the conditions of release, the status quo is that he is not entitled to release. Finally, as to the second and fourth factors, the government—and the public interest—will be

---

2022) ("[O]bjections must be made with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." (internal quotation marks omitted)); *cf. United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007) (rejecting a rule that would "permit[] a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report").

greatly and irreparably harmed if, absent a stay, the defendant sexually exploits children. These substantial interests significantly outweigh the defendant's interest in early release, particularly in the context of a statutory scheme that defaults to detention while the judicial process works. Thus, this Court's stay order was appropriate even under the defendant's preferred standard.

Because this Court appropriately exercised its inherent authority in response to the government's appeal of the release order, the Court should deny the defendant's motion to vacate the stay.

Respectfully submitted,

Jessica D. Aber
United States Attorney

By:    /s/
Zoe Bedell
Assistant United States Attorney
Whitney Kramer
Special Assistant United States Attorney (LT)
United States Attorney's Office
2100 Jamieson Ave.
Alexandria, Virginia 22314
Phone: 703-299-3700
Email: Zoe.Bedell@usdoj.gov