UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:23-mj-32 |
| ) | |
| JAMES GORDON MEEK ) | |
| ) | |
| *Defendant.* ) | |

## ORDER

This matter comes before the Court on Defendant's Emergency Motion to Vacate Stay of Release Order ("Motion to Vacate") (Dkt. No. 18). As set forth in the Court's February 2, 2023 Stay Order (Dkt. No. 17), Defendant is charged in a Criminal Complaint with one count of transporting child pornography in violation of 18 U.S.C. § 2252(a)(1). On February 1, 2023, the undersigned conducted Rule 5 Initial Appearance proceedings in the matter. At the Initial Appearance, both the Government and counsel for Defendant stated that they were prepared to also conduct a hearing on the Government's request that Defendant be detained pending trial.[1] Thus, the undersigned held a detention hearing pursuant to 18 U.S.C. § 3142, during which both sides presented evidence and argument. Following the conclusion of the parties' evidence and argument, and after a brief recess to consider all evidence and arguments presented, the Court ordered that Defendant be released subject to numerous conditions and further ordered that Defendant be detained until the conditions were met. (Dkt. No. 16.) At the conclusion of the

---

[1] Pursuant to 18 U.S.C. § 3142(f)(2)(B), the Government could have sought to delay the detention hearing for up to three days, during which time Defendant would have been detained. The Government did not request a delay.

hearing, the undersigned granted the Government's request to stay the Order Setting Conditions of Release pending the Government's appeal of that order to the district judge, and subsequently issued a written Stay Order (Dkt. No. 17). Defendant now moves the Court to vacate the Stay Order, asserting there is no statutory basis supporting a stay of a pretrial release order. (*See* Mot. Vacate 2.) On February 3, 2023, the Government filed a brief in opposition to Defendant's Motion to Vacate (Dkt. No. 23). Upon review of Defendant's motion and the Government's opposition, the undersigned finds as follows.

There is ample authority—including within this District and other courts within the Fourth Circuit—establishing that magistrate judges have authority to stay a release order pending review by the district court under 18 U.S.C. § 3145(a). *See, e.g.*, *United States v. Richardson*, No. 4:17-CR-77, 2020 WL 6471201, at *1 (E.D. Va. Nov. 3, 2020) (magistrate judge stayed release order pending district court review)[2]; *United States v. Hroub*, No. 5:20-CR-00250-M-2, 2020 WL 3805168, at *1 (E.D.N.C. July 7, 2020) (same); *United States v. Petersen*, 557 F. Supp. 2d 1124, 1129-30 (E.D. Cal. 2008) (holding magistrate judge had authority to stay release order under 18 U.S.C. § 3142(f) permitting detention "'pending completion of the [detention] hearing,' which reasonably includes a limited period for prompt review of the magistrate's release order under subsection 3145(a)" (quoting § 3142(f)(2)(B))); *see also United States v. Brigham*, 569 F.3d 220, 230 (5th Cir. 2009) (collecting cases staying pre-trial release orders pending review of magistrate judge's decision). That is in part because "the absence of stay authority could render the district court's review power illusory." *Brigham*, 569 F.3d at 230. Moreover, because the District Court will promptly review the undersigned's Order Setting Conditions of Release (a hearing is currently

---

[2] *See* Order, *United States v. Richardson*, Case No. 4:17cr77 (Dkt. No. 20) (staying release order, noting it "is well established that magistrate judges have authority to stay their own release orders pending review by the district court").

2

scheduled for February 6, 2023—five days after the initial detention hearing on February 1), there is a "reasonable safeguard against" Defendant's "unduly extended detention" pending review of the release order. *Petersen*, 557 F. Supp. 2d at 1129 (review hearing conducted five days after release order issued and stayed).

Accordingly, it is hereby

**ORDERED** that the Defendant's Motion to Vacate is **DENIED**.

**ENTERED** this 3rd day of February, 2023.

Alexandria, Virginia

/s/ *LRV*
Lindsey Robinson Vaala
United States Magistrate Judge