IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. 23MJ32 |
| | ) | |
| JAMES MEEK. | ) | |

**JAMES MEEK'S OPPOSITION TO THE GOVERNMENT'S
MOTION FOR DETENTION**

James Meek, through counsel, respectfully files his opposition to the government's motion for detention.  The controlling legal standards are addressed in detail in Mr. Meek's memorandum at ECF 8. Under those standards, it is cleae that Mr. Meek is neither a flight risk nor a danger to the community. Judge Vaala carefully considered the evidence and the recommendation of Pretrial Services, and ordered Mr. Meek's release. This Court should do the same.

I.     THE HISTORY AND CHARACTERISTICS OF MR. MEEK.

18 U.S.C. § 3142(g) requires the Court to consider, *inter alia*, the history and characteristics of the person, including the person's character, physical and mental condition, family ties, employment, community ties, financial resources and criminal history.

Mr. Meek is 53 years old. He has spent most of his life in Northern Virginia. He is the father of two daughters, both of whom reside in this area with their mother.[1] Since the search of his home in April 2022, Mr. Meek has resided with his mother. She has lived in Northern Virginia since 1963 and owns a home here. Mr. Meek has significant personal and professional ties to this area. He has no prior convictions or arrests.

---

[1]     Mr. Meek's older daughter is a college student and studies abroad during the school year.

1

For over 30 years, Mr. Meek has worked as an investigative journalist, most recently with ABC News. In that time, Mr. Meek has reported on issues including criminal justice, national security, government corruption, war, hostages, torture, human rights abuses, terrorism, and other issues of national and international significance. Mr. Meek has been recognized for his work, including being nominated for five Emmy Awards for his investigations, one of which he won in 2017.[2] He has been the recipient of multiple other awards.[3] Mr. Meek has also served as a Senior Counterterrorism Advisor to the House Homeland Security Committee, where he advised top congressional leaders and held a Top Secret clearance.

Beyond his work as a journalist, Mr. Meek has employed his investigative skills, contacts, and resources to help countless people. He has worked tirelessly to investigate the deaths of US servicemembers to help Gold Star families learn the truth about the deaths of their loved ones. *See* Exhibit 1—Letter of R. Gannon; Exhibit 2—Letter of D. Kimme; Exhibit 3—Letter of D. Sharrett. Mr. Meek has also devoted his time and resources to helping hostages and their families. Exhibit 4—Letter of Rev. K. Day. He has given a public voice to their cases, and used his sources and investigative skills to provide them with details about loved ones' captivity. Mr. Meek's investigations helped to stop widespread human rights abuses by Iraqi security forces.[4] For his humanitarian work involving hostages, Mr. Meek was recently awarded the James W. Foley World Press Freedom Award.[5]

---

[2]    *See* https://www.imdb.com/name/nm8229289/awards (Emmy nominations and awards).
[3]    These include the Overseas Press Club Award (2021), Society of Professional Journalists Awards (2016 and 2018).
[4]    *See, e.g.*, James G. Meek, 'Dirty Brigades': US-Trained Iraqi Forces Investigated for War Crimes, ABC News (March 11, 2015), https://abcnews.go.com/International/dirty-brigades-us-trained-iraqi-forces-investigated-war/story?id=29193253
[5]    *See* Award Announcement at https://myemail.constantcontact.com/The-7th-Annual-James-W--Foley-Freedom-Awards.html?soid=1120967545660&aid=G9BsgJrDHN8.  Mr. Meek declined to accept the award, knowing at that time that he was under investigation.

In August 2021, Mr. Meek contributed to saving the lives of more than 700 Afghan refugees, including four US citizens, by creating a veterans' volunteer group that that shepherded them out of Kabul in the wake of the Biden Administration's withdrawal from Afghanistan.[6]

## II. NATURE OF THE OFFENSE; WEIGHT OF THE EVIDENCE.

Section § 3142(g) also requires this Court to consider the nature of the offense and the weight of the evidence. To be sure, offenses involving allegations of child sexual abuse materials are serious. The weight of the evidence, however, is a matter that merits some discussion. Despite the fact that the government appears to have been investigating this mater since at least March of 2021, Mr. Meek is charged by a criminal complaint drafted by a member or members of the prosecution team—not by a grand jury indictment. What is more, at Mr. Meek's preliminary hearing, the government presented the testimony of an agent who was only involved in the case for the last several months, had limited knowledge of the investigation, and could not provide even rough approximations of when alleged contraband material was recovered from various devices and accounts.

Moreover, as to the weight of the evidence, there has been no adversarial testing of the weight and reliability of the government's allegations. While the government has been investigating this matter for a year or more, the first time undersigned counsel received any meaningful information regarding the charges against Mr. Meek was on the morning of Mr. Meek's initial appearance. But even now, the complaint is all that has been provided to the defense; we have not been provided a shred of discovery. For all of these reasons, the weight of

---

[6] Mr. Meek co-authored a New York Times best-selling book that details this operation. Scott D. Mann, OPERATION PINEAPPLE EXPRESS (2022). Upon learning that he was under investigation, Mr. Meek notified his co-author and publisher, and had his name and details of his involvement removed from the book. He did this in order to avoid bringing negative attention to the important and heroic stories of those involved. A prior draft of the book, which was set for publication by Simon & Schuster, can be provided to the Court under seal.

the evidence cannot be reliably determined.  *See, e.g.*, *United States v. Ragin*, 820 F.3d 609, 618 (4th Cir. 2016) (holding that when the prosecution case is not subject to "meaningful adversarial testing . . . the adversary process itself presumptively unreliable.").

Returning to the nature of the allegations, it is important to note what is *not* alleged: there is no allegation whatsoever that Mr. Meek had any physical contact with any minor, and is no allegation that Mr. Meek even *attempted* to meet a minor for improper purposes.  This places Mr. Meek in an entirely different category from those individuals who actually engaged or attempted actual sexual abuse of minors.  And yet, even in such cases, judges in this Court have found pretrial release appropriate.[7] *A fortiori*, conditions of release can certainly be fashioned in this case, particularly given Mr. Meek's strong ties to the community, record of employment, lack of any criminal record, and extraordinary history of good works and service to the community.  Among the individuals who, aware of the charges, state without hesitation that Mr. Meek will abide by all conditions of pretrial release are: (1) Marion "Spike" Bowman, a retired Chief of the National Security Law Unit of the FBI (Ex. 5); (2) Doug Kimme, a retired police officer with over 26 years of service (Ex. 2); (3) David Sharrett, a Gold Star father who has known Mr. Meek for over 40 years (Ex. 3); Kathleen Day, a Reverend who has known Mr. Meek since 2014 (Ex. 4), and (5) Raymond Gannon, a former FBI Agent with over 28 years of service (Ex. 1).

### III. MR. MEEK IS NOT A FLIGHT RISK, NOR A DANGER TO THE COMMUNITY OR HIMSELF.

---

[7] *See, e.g.*, US v. Manuel Delgado, 1:17cr11-JCC (defendant engaged in sexual intercourse with a 13-year-old and was released on conditions) (ECF 2 (affidavit); ECF 11 (release order)); US v. Dean Cheves 1:21cr177-CMH (UD Diplomat who engaged in sexual intercourse and produced videos of the sexual abuse of the minor, released on conditions) (ECF 2 (affidavit); ECF 17) (release order)); US v. Benjamin Moser, 1:08cr258-TSE (defendant traveled to meet a 13-year old for sex in an undercover sting, released on conditions) (ECF 2 (affidavit; ECF 7 (release conditions); US v. Sher Jaghori, 1:13cr451-AJT (defendant produced child pornography images by photographing an 11 or 12 year old family member, ordered released on conditions) (ECF 2 (affidavit); ECF 16 (release conditions); US v. Sameer Nanda, 1:10cr436-AJT (defendant engaged in sexually explicit chats and traveled to meet what he believed to be a 13-year-old in a sting operation, released on conditions) (ECF 2 (affidavit); ECF 25 (conditions of release).

The government searched Mr. Meek's home on April 27, 2022—over 9 months ago. Since then, Mr. Meek has not been subject to any restrictions on freedom. Yet, Mr. Meek has remained in the area and has taken steps to assure the government that he would be available and cooperative should the government bring charges. Mr. Meek has:

- Continued to reside in Northern Virginia. After moving out of his apartment, Mr. Meek moved in with his mother, and although he was under no obligation, voluntarily informed the government of this fact. Mr. Meek has traveled within the US and always returned to Virgnia;

- Volunteered to surrender his passport to the government, though not required to;

- Relinquished possession of his lawfully-owned and registered firearms, although, again, he no obligation to do so;

- Maintained close ties with his family, including supporting his 15-year-old daughter, and taking care of his mother after she underwent surgery;

- Continued to work on a freelance basis in order to support his daughters, after leaving employment at ABC News.

The government has argued that Mr. Meek may pose a danger to himself based his recognition that his "life is over" when federal agents raided apartment. Yet, all of the evidence suggests the opposite. Over the last nine months, Mr. Meek has:

- Continued to find ways to serve others in need, including volunteering with homeless veterans, supporting friends with health problems, and providing financial and moral support to Afghans who remain in danger, as well as those who were able to escape to safety;

- Focused on his physical and mental health through exercise and therapy;

- Attended church and sought counsel from a trusted member of the clergy.

It is notable that since the fact that Mr. Meek was being federally investigated became public in October 2022.[8] Despite the immense pressure and scrutiny, Mr. Meek has remained in the area, continued to work, and continued to contribute positively to the community.

---

[8] Tatiana Siegel, FBI Raids Star News Producer's Home, Rolling Stone (Oct. 24, 2022) https://www.rollingstone.com/politics/politics-features/fbi-raid-abc-news_producer-1234613619/

## CONCLUSION

For all of the foregoing reasons, Mr. Meek should be released on conditions, consistent with the recommendation of Pretrial Services and the prior, carefully considered decision of Judge Vaala.

Respectfully Submitted,

By: /s/ *Eugene V. Gorokhov*
Eugene Gorokhov, Bar No. 73582
*Attorney for Defendant*
BURNHAM & GOROKHOV, PLLC
1424 K Street NW, Suite 500
Washington, DC 20005
(202) 386-6920 (phone)
(202) 765-2173 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document VIA ECF which provides a copy to the AUSA of record.

By: /s/ <i>Eugene V. Gorokhov</i><br>
Eugene Gorokhov, Bar. No. 73582<br>
<i>Attorney for Defendant</i><br>
BURNHAM & GOROKHOV, PLLC<br>
1424 K Street NW, Suite 500<br>
Washington, DC 20005<br>
(202) 386-6920 (phone)<br>
(202) 765-2173 (fax)<br>
eugene@burnhamgorokhov.com